THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
  *Plaintiff*,

v.

**[2]** HENRY RODRÍGUEZ-KELLY,
  *Defendant*.

Criminal No. 23-0231 (MAJ)

**OPINION AND ORDER**

**I. Introduction**

  Before the Court is the Government's Motion for Judicial Notice of latitude and longitude Global Positioning System ("GPS") coordinates pursuant to Federal Rule of Evidence 201. (**ECF No. 128**). The Government seeks judicial notice of geographic locations related to the carjackings charged in the Second Superseding Indictment. (**ECF Nos. 81, 128**). The Government intends to present these coordinates to witnesses during trial to aid in identifying locations relevant to the carjackings, "thereby helping the jury to understand certain facts surrounding the testimony." (**ECF No. 128 at 1**). Defendant has not opposed the Government's request for Judicial Notice.

  Upon review of the Government's Motion and considering the applicable Federal Rules of Evidence, the Court hereby **GRANTS** the Government's unopposed request for Judicial Notice of the GPS coordinates. (**ECF No. 128**).

**II. Discussion**

  Under Federal Rule of Evidence 201(b), the Court may take judicial notice of facts that are "not subject to reasonable dispute because" they are either: (1) "generally known within the [Court's] territorial jurisdiction;" or (2) "can be accurately and readily

determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Courts have found that geographic facts, verified using mapping services such as Google Maps, fall within the scope of Rule 201(b). *See e.g.*, *United States v. Vega-Rivera*, 866 F.3d 14, 20 (1st Cir. 2017) (taking "judicial notice of the Google map provided by the government identifying the area where [defendant] crashed his car and began his flight on foot from police."); *United States v. Proch*, 637 F.3d 1262, 1266 n.1 (11th Cir. 2011) (taking judicial notice of a location on a map); *United States v. Perea-Rey*, 680 F.3d 1179, 1182 (9th Cir. 2012) (taking judicial notice of a Google map satellite image as a source whose accuracy cannot reasonably be questioned for the purpose of determining the general location of a home).

In this case, the Court finds that the coordinates provided by the Government meet the requirements for judicial notice under Rule 201. (**ECF No. 128**). These coordinates correspond to geographic locations that are "not subject to reasonable dispute"; are "generally known within" the Court's "territorial jurisdiction" and "can be accurately and readily determined" using Google Maps.[1] (**ECF No. 128**); *see* Fed. R. Evid. 201(b); *United States v. Perea-Rey*, 680 F.3d 1179 at 1182.

Moreover, the use of these coordinates at trial to orient witnesses and the jury as to the locations of the alleged carjackings is a permissible use of this judicially noticed fact.[2] *See e.g.*, *United States v. Vega-Rivera*, 866 F.3d 14 at 20 n.3 (taking judicial notice

---

[1] The Court used Google Maps to confirm that the locations of the coordinates are within Puerto Rico, as outlined in the Criminal Complaint, Affidavit, and the instant Motion. (**ECF Nos. 1, 1-1, 128**); *see Selwyn v. Bruck L. Offs., S.C.*, No. 19-cv-0135, 2020 WL 13598626, at *3 (M.D. Fla. July 1, 2020) (noting "the [c]ourt used Google Earth to determine the city and state location for the corresponding latitude and longitude coordinates").

[2] While the Court finds judicial notice appropriate here, the Court acknowledges that Rule 201(f) instructs that "[i]n a criminal case, the court must instruct the jury that it may or may not accept the noticed fact as conclusive." Fed. R. Evid. 201(f).

of a Google map identifying an area relevant to the litigation); *United States v. Bello*, 194 F.3d 18, 23 (1st Cir. 1999) ("geographic locations are facts which are not generally controversial and thus it is within the general definition contained in Fed. R. Evid. 201(b)"); *Joseph v. Chronister*, 16-cv-0274, 2020 WL 13657218, at *24 (M.D. Fla. Feb. 21, 2020) (taking judicial notice of "Google map screenshots . . . for purposes of establishing the general locations."); *United States v. Burroughs*, 810 F.3d 833, 835 n.1 (D.C. Cir. 2016) (taking judicial notice of a Google map to establish a location relevant to the case).

### III. Conclusion

For the reasons stated above, the Court **GRANTS** the Government's unopposed request for Judicial Notice (**ECF No. 128**) of the GPS coordinates and sites associated with the carjackings charged in the Second Superseding Indictment. (**ECF No. 81**). These coordinates may be presented to witnesses and the jury to aid in identifying locations relevant to the charged offenses. Accordingly, the Court will instruct the jury that it may or may not accept the noticed fact as conclusive. Fed. R. Evid. 201(f).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of September 2024.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**