# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  *Plaintiff*,<br>v.<br>[2] HENRY RODRÍGUEZ-KELLY,<br>  *Defendant*. | Criminal No. 23-0231 (MAJ) |

## OPINION AND ORDER

### I. Introduction

Before the Court is the United States' Motion in Limine to Admit Business Records linked to cell phone records and data. (**ECF No. 129**). The United States (the "Government") seeks to introduce cell phone records obtained from T-Mobile and AT&T. *Id.* It asserts these records are connected to three phone numbers, including one purportedly associated with Defendant Henry Rodríguez-Kelly, who stands charged with multiple violations of the federal carjacking statute, 18 U.S.C. § 2119. (**ECF Nos. 129, 81**).

The Government argues that the records in question fall squarely within the business records exception to the hearsay rule as set forth in Federal Rules of Evidence 803(6), and that they are self-authenticating under rules 902(11) and 902(13). (**ECF No. 129**). Specifically, the Government seeks a pretrial ruling allowing the admission of these cell phone records, along with certifications from T-Mobile and AT&T, without the necessity of live testimony from the records' custodians. *Id.*

Defendant has failed to oppose the Government's Motion, despite having until September 16, 2024, to do so, in accordance with this Court's Scheduling Order. (**ECF No. 125**). Given that trial in this matter is set for September 30, 2024, the Court deems

the motion unopposed. *See López-Concepción v. Caribe Physicians Plaza Corp.*, No. 21-cv-1360, 2024 WL 3691840, at *3 (D.P.R. Aug. 7, 2024), *reconsideration denied*, (D.P.R. Aug. 9, 2024) (deeming a motion in limine unopposed where a response was due by August 5, 2024, and trial was scheduled for August 12, 2024).

Upon review, the Court finds the Government's position well-founded. The records meet the requirements of Rule 803(6) as business records, and the certifications provided under Rules 902(11), 902(13), and in accordance with 28 U.S.C. § 1746, obviate the need for live testimony. Accordingly, the Government's unopposed Motion is hereby **GRANTED**. (**ECF No. 129**).

## II. Background

With trial set to start on September 30, 2024, the Government moves to admit the previously mentioned documents without the need for live testimony from the telecommunications providers' custodians. (**ECF No. 129**). Instead, the Government leans on evidentiary provisions for self-authentication. The documents relate to the following phone numbers:

> (787) 586-1665: (T-Mobile)
> (787) 508-3426: (AT&T)
> (787) 907-9086: (T-Mobile)

(**ECF No. 129 at 2-4**). These records encompass subscriber information, toll records, and cell site location data. *Id*. The Government notes that it has provided the defense with these materials, including tables that span hundreds of pages of data. *Id*. at 1-2.

To authenticate these records as business records under Rule 902(11) and (13), the Government has submitted certifications from both T-Mobile and AT&T. *Id*. at 2-4. Specifically, Carol Kronen and Amy Hamdan, both Custodians of Records, provided certifications for T-Mobile, while Keivandra Lang, a Legal Compliance Analyst, furnished

the certification for AT&T. (**ECF Nos. 129-1, 129-2, 129-3**).

### III. Legal Standard and Applicable Law

A motion in limine's purpose is to aid the trial process by allowing the Court to address, in advance, the admissibility and relevance of anticipated evidence, and to resolve key issues slated for trial. *See De Jesús Sánchez v. Taber Partners I, LLC*, 03-cv-1685, 2006 WL 8450441, at *2 (D.P.R. Apr. 3, 2006) (cleaned up). This practice minimizes the need for prolonged objections and interruptions once the trial is underway. *Id*. The decision to grant or deny such motions falls within the broad discretion of the trial court, subject to reversal only upon "abuse of discretion and showing of prejudice." *Id*. (citing *White v. New Hampshire Dept. of Corrections*, 221 F.3d 254, 262 (1st Cir. 2002)).

Federal Rules of Evidence 901 and 902 govern the authentication of evidence. Rule 901 requires that the proponent provide sufficient evidence to support a finding that the item is what it is claimed to be. *See United States v. Charbonier-Laureano*, 20-cr-0248, 2023 WL 8446392, at *1 (D.P.R. Dec. 5, 2023). However, certain categories of evidence are self-authenticating under Rule 902 and do not require extrinsic evidence, such as witness testimony, to support their authenticity. *Id*. These categories include certified copies of public records and certified domestic records of a regularly conducted activity. *Id*.; *see also* Fed. R. Evid. 902(4), (11). "Classic examples of self-authenticating business records are bank and *phone records*." *Id*. (emphasis added).

Rule 902(11) provides for the admissibility of "[t]he original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)–(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court." *United States v. Forty-Febres*, 2018 WL 2182653, at *1–2 (quoting Fed. R. Evid. 902(11)). Similarly, Rule 902(13) provides for the

admissibility of "[a] record generated by an electronic process or system that produces an accurate result, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) . . . ." *Id.* (quoting R. 902(13)).

The declaration under Rule 902(11) must establish that:

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; [and]
> (C) making the record was a regular practice of that activity . . . .

*Id.* (quoting R. 803(6)); (also citing *Direct Marketing Concepts*, 624 F.3d at 16 (citing former Federal Rule of Evidence 902(11) as containing virtually identical text)). The declaration under these rules may be supplied in compliance with 28 U.S.C. § 1746, which states:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
> . . .
> If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)."

*Forty-Febres*, at *1–2 (quoting 28 U.S.C. § 1746).

## IV. Discussion

### a. Certificates of Authenticity by T-Mobile and AT&T

As will be detailed, the Government has submitted records from T-Mobile and AT&T, along with certifications that meet the requirements of Federal Rules of Evidence Rules 803(6), 902(11), and 902(13). *See United States v. Carmona-Bernacet*, 663 F. Supp. 3d 188, 199 (D.P.R. 2023). Moreover, the Government has provided these records to Defendant before trial in accordance with Federal Rule of Evidence 902(11). *See id*.

Carol Kronen ("Kronen"), "Custodian of Records" for T-Mobile, as it relates to phone number "787-586-1665" certified that the records were: (A) "made at or near the time" of the events described, (B) "kept in the course of regularly conducted business activiti[es]," (C) produced as part of the "regular [business] practice," and (D) true duplicates of the original records. (**ECF No. 129-1**). Kronen's certification was made under penalty of perjury pursuant to 28 U.S.C. § 1746 and declared to be true and correct. *Id*.

Similarly, Keivandra Lang ("Lang"), a Legal Compliance Analyst for AT&T, provided a Certificate of Authenticity outlining similar information. (**ECF No. 129-2**). Lang certified that the AT&T records were (a) made at or near the time of the events described by a person with knowledge, (b) maintained in the ordinary course of AT&T's business, (c) created as part of AT&T's regular business practice, and (d) true duplicates of the original records, generated through an accurate electronic system. *Id*. Lang certified these records under penalty of perjury under 28 U.S.C. § 1746 and declared that they were true and correct. *Id*.

Finally, Amy Hamdan ("Hamdan"), "Custodian of Records" for T-Mobile, as it relates to phone number "787-907-9086" certified that the records were: (a) "made at or

near the time" of the events described, (B) "kept in the course of regularly conducted business activiti[es]," (C) produced as part of the "regular [business] practice," and (D) true duplicates of the original records. (**ECF No. 129-3**). Hamdan's certification was made under penalty of perjury pursuant to 28 U.S.C. § 1746 and declared to be true and correct. *Id.*

The Court finds that these records and their corresponding certifications comply with the requirements of Rules 902(11) and 902(13), as well as Rule 803(6)(A)-(C). *See United States v. Carmona-Bernacet*, 663 F. Supp. 3d 188, 199 (D.P.R. 2023) (finding cell records from AT&T conformed to Rules 803(6) and 902(11) when AT&T generated the subscriber information "at or near the time of the occurrence;" records "were kept in the ordinary course of the regularly conducted business activity of AT&T;" AT&T maintained these records "as a regular practice" and the "custodian of records" "signed the certificate under penalty of perjury.").

Furthermore, the Government has given the defense reasonable written notice of its intent to offer these records, thus providing an opportunity for the defense to challenge them. *See United States v. Carmona-Bernacet*, 663 F. Supp. 3d 164, 174-177 (D.P.R. 2023) (admitting phone records, including subscriber information, under 803(6)'s business records exception where custodian of records signed a certificate of authenticity under penalty of perjury, and the government provided the defendants with the required authentication certificate before the trial.).

In sum, the Court is satisfied that the cell phone records are properly certified as authentic copies of domestic records under Rule 902(11) and as copies of accurate search results from electronic databases under Rule 902(13). Therefore, the Court finds that these records are self-authenticating under both rules, admissible as business records

under Rule 803(6), and may be introduced without requiring the testimony of a custodian at trial. *See United States v. Armenteros-Chervoni*, 22-cr-0325, 2022 WL 16637808, at *2 (D.P.R. Nov. 2, 2022) (holding that the government was not required "to bring a custodian of records to authenticate the documents at trial.").

### b. Confrontation Clause

The Court also finds that these cellular phone records are not testimonial such that the Confrontation Clause under the Sixth Amendment is triggered. *See United States v. Yeley-Davis*, 632 F.3d 673, 678 (10th Cir. 2011) (concluding "that neither the cell phone records, nor their authenticating documents, were testimonial, [thus] no Confrontation Clause violation occurred."). The "threshold question" for challenges arising pursuant to the Confrontation Clause is whether the statement is testimonial. *See Carmona-Bernacet*, 663 F. Supp. 3d 164 at 176.

First, the cell phone records and data at issue are not "statements" for purposes of Federal Rule of Evidence 801(a). *See Carmona-Bernacet*, 663 F. Supp. 3d 188 at 200 (cell phone records were a "compilation of data produced by a machine, not a statement."). Federal Rule of Evidence 801(a) provides that a statement is a "person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." *Id*. (citing Fed. R. Evid. 801(a)). Here, the T-Mobile records "consist of several electronic files produced . . . in response to a lawful request issued to the company" and are "duplicates of the original . . . records maintained by the Company." (**ECF Nos. 129-1, 129-3**). Similarly, the AT&T records were "generated by AT&T's electronic process or system [which] produces an accurate result." (**ECF No. 129-2**). Accordingly, this evidence is a compilation of data produced by a machine, not a statement. *Carmona-Bernacet*, 663 F. Supp. 3d 188 at 200 (citing *United States v. Hamilton*, 413 F.3d 1138, 1142 (10th Cir.

2005) (holding that information that "was automatically generated by [a] computer without the assistance or input of a person" was not a "statement" within the meaning of Rule 801(a).").

Next, the Court finds that the admission of these records does not violate the Confrontation Clause because they are business records. "Generally, courts do not label business records as testimonial as long as they are not created for the purpose of prosecution." *Tran v. Roden*, 847 F.3d 44, 51 (1st Cir. 2017); *see also Crawford v. Washington*, 541 U.S. 36, 56 (2004) (highlighting business records "by their nature . . . are not testimonial."). Here, the records at issue are non-testimonial business records that were not created for the purpose of prosecution but created in the ordinary course of T-Mobile's and AT&T's respective businesses. (**ECF Nos. 129-1, 129-2, 129-3**).

Although the Certificates of Authenticity were prepared for litigation, they serve merely to authenticate otherwise non-testimonial business records. (**ECF Nos. 129-1, 129-2, 129-3**); *see United States v. Yeley-Davis*, 632 F.3d 673, 680 (10th Cir. 2011) (finding "[b]ecause the purpose of the certifications here was merely to authenticate the cell phone records—and not to establish or prove some fact at trial . . . they are not testimonial.")*; Forty-Febres*, at *3 (finding same) (citing *Meléndez-Díaz v. Massachusetts*, 557 U.S. 305, 322–23 (2009) (recognizing that a records "clerk could by affidavit *authenticate* or provide a copy of an otherwise admissible record, but could not . . . *create* a record for the sole purpose of providing evidence against a defendant.")).

## V.　Conclusion

Based on the foregoing analysis, the Court finds that the cell phone records from T-Mobile (**ECF Nos. 129-1, 129-3**) and AT&T (**ECF No. 129-2**) are admissible as business records under Federal Rule of Evidence 803(6) and are self-authenticating under Rules 902(11) and 902(13).[1] Furthermore, the Court concludes that the admission of these records does not violate the Confrontation Clause of the Sixth Amendment, as they are non-testimonial business records not created for the purpose of prosecution.

Accordingly, the Government's unopposed Motion in Limine to Admit Business Records is **GRANTED**. (**ECF No. 129**). The cell phone records may be introduced at trial without requiring the testimony of a custodian.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of September 2024.

　　　　　　　　　　　　　　　　　　　　*/s/ María Antongiorgi-Jordán*
　　　　　　　　　　　　　　　　　　　　**MARIA ANTONGIORGI-JORDAN**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

---

[1] To be clear, ownership of the cellular phones and their corresponding phone numbers is a factual dispute for the jury to resolve. It does not, however, bar the admission of business records. *See Carmona-Bernacet*, at 174-177 (admitting phone records under 803(6)'s business records exception while noting "ownership of the cellular phones is a factual dispute for the jury to resolve. It does not, however, bar the admission of business records.*")*; *see also Brown v. Bank of Am.*, 13-cv-13256, 2015 WL 5163045, at *3 (D. Mass. Sept. 3, 2015) (holding that arguments regarding the defendant's "interpretation of the records . . . [goes] to the weight of [the witness' testimony and] are insufficient to defeat application of the business record exception to the hearsay rule"); *Putnam Res. v. Paterman*, 757 F. Supp. 157, 165 (D.R.I. 1991) ("Evidence that some [business] records were falsified obviously bears on the weight of the evidence but does not deny its admissibility [pursuant to Rule 803(6)].").