## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff*,<br>v.<br>[2] HENRY RODRÍGUEZ-KELLY,<br>*Defendant*. | Criminal No. 23-0231 (MAJ) |

### OPINION AND ORDER

**I.   Introduction**

Before the Court are two Motions in Limine filed by the United States. (**ECF Nos. 126, 133**). The first, is the Government's Motion in Limine regarding Vehicle Records pursuant to Federal Rules of Evidence 902(11) & (13). (**ECF No. 126**). This Motion (the "Vehicle Records Motion") seeks a pretrial ruling on the admissibility of vehicle records obtained from the Puerto Rico Department of Transportation. *Id*. These records, relate to six automobiles Defendant Henry Rodríguez-Kelly is accused of stealing as it relates to six counts of carjacking. (**ECF No. 81**).

The second, is the Government's Motion in Limine regarding Surveillance Videos pursuant to Federal Rule of Evidence 902(11). (**ECF No. 133**). This Motion, (the "Surveillance Videos Motion") requests a ruling on the admissibility of surveillance video pursuant to Federal Rule of Evidence 902(11). *Id*. Both motions aim to streamline the trial by determining whether document-custodian witnesses must be called to testify.

Under 18 U.S.C. § 2119, the carjacking statute prohibits the taking of "a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation" "with the intent to cause death or serious bodily harm." 18 U.S.C. § 2119. The Government seeks

to introduce vehicle records at trial as self-authenticating documents to prove the interstate nexus requirement under 18 U.S.C. § 2119. (**ECF No. 126**). Additionally, the Government requests a pretrial ruling to determine whether document-custodian witnesses must be called to testify at trial to prove the interstate nexus of the vehicles. *Id.* at 1.

Defendant has failed to oppose the Government's Motion, despite having until September 16, 2024, to do so, in accordance with this Court's Scheduling Order. (**ECF No. 125**). Given that trial in this matter is set for September 30, 2024, the Court deems the motion unopposed. *See López-Concepción v. Caribe Physicians Plaza Corp.*, 21-cv-1360, 2024 WL 3691840, at *3 (D.P.R. Aug. 7, 2024), *reconsideration denied*, (D.P.R. Aug. 9, 2024) (deeming a motion in limine unopposed where a response was due by August 5, 2024, and trial was scheduled for August 12, 2024).

Following a review of the Government's papers, the Court **GRANTS** the two unopposed Motions in Limine. (**ECF No. 126, 133**).

**II.     Background**

As to the Vehicle Records Motion, (**ECF No. 126**), the Second Superseding Indictment charges Defendant Henry Rodríguez-Kelly with multiple counts of carjacking, which involve the alleged theft of six vehicles. (**ECF No. 81**). These vehicles include a: BMW X5, Hyundai Venue, Lexus R330, Mitsubishi Outlander, Honda CR-V, and a Toyota Scion. *Id.* These vehicles were allegedly transported or shipped in interstate or foreign commerce, and the Government seeks to introduce records from the Puerto Rico Department of Transportation ("DTOP") to establish this. (**ECF No. 126**). The records in question were generated from the DTOP electronic database and include identifying information such as the vehicle identification number (VIN), owner of record, and the

country of origin of each vehicle. (**ECF Nos. 126, 126-1, 126-2**). Additionally, the Government has submitted a Certificate of Authenticity from a DTOP official, under penalty of perjury, which certifies that the records were kept in the regular course of business. (**ECF No. 126-1 at 7**).

As to the Surveillance Videos Motion, the Government seeks a pretrial ruling on the admissibility of surveillance footage from a business establishment that captured events relevant to the BMW X5 carjacking, "thereby helping the jury to understand certain facts surrounding the testimony in this case." (**ECF No. 133**).

### III. Legal Standard and Applicable Law

A motion in limine's purpose is to aid the trial process by, allowing the Court to address, in advance, the admissibility and relevance of anticipated evidence, and to resolve key issues slated for trial. *See De Jesús Sánchez v. Taber Partners I, LLC*, 03-cv-1685, 2006 WL 8450441, at *2 (D.P.R. Apr. 3, 2006) (cleaned up). This practice minimizes the need for prolonged objections and interruptions once the trial is underway. *Id*. The decision to grant or deny such motions falls within the broad discretion of the trial court, subject to reversal only upon "abuse of discretion and showing of prejudice." *Id*. (citing *White v. New Hampshire Dept. of Corrections*, 221 F.3d 254, 262 (1st Cir. 2002)).

Business records may be admissible as self-authenticating, non-hearsay evidence "if certified according to Fed. R. Evid. 902(11) or (13)." *United States v. Forty-Febres*, 16-cr-0330, 2018 WL 2182653, at *1–2 (D.P.R. May 11, 2018), *aff'd*, 982 F.3d 802 (1st Cir. 2020) (citing *Federal Trade Comm. v. Direct Marketing Concepts, Inc.*, 624 F.3d 1, 16 (1st Cir. 2010)).

Rule 902(11) provides for the admissibility of "[t]he original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)–(C), as shown by a certification of

the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court." *United States v. Forty-Febres*, 2018 WL 2182653, at *1–2 (quoting Fed. R. Evid. 902(11)). Similarly, Rule 902(13) provides for the admissibility of "[a] record generated by an electronic process or system that produces an accurate result, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11)...." *Id*. (quoting R. 902(13)).

> The declaration under Rule 902(11) must establish that:
>
> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; [and]
> (C) making the record was a regular practice of that activity ....

*Id*. (quoting R. 803(6)); (also citing *Direct Marketing Concepts*, 624 F.3d at 16 (citing former Federal Rule of Evidence 902(11) as containing virtually identical text). The declaration under these rules may be supplied in compliance with 28 U.S.C. § 1746, which states:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same ... such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
> ...
> If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)."

*Forty-Febres*, at *1–2 (quoting 28 U.S.C. § 1746).

## IV. Discussion

### a. Vehicle Records Motion

The DTOP records provided by the Government meet the requirements for self-authentication under Rules 902(11) and 902(13). (**ECF Nos. 126-1, 126-2**). The records are accompanied by a Certificate of Authenticity from Thelma N. Huertas, Executive Office Supervisor at the DTOP, who attests that she is the custodian of records and that the documents were generated and kept in the course of DTOP's regular business activities. (**ECF No. 126-1 at 7**). The Certification, executed on August 26, 2024, asserts that the records were made at or near the time of the occurrence of the relevant events, were maintained as part of the regular practice of DTOP, and are either originals or duplicates of the original records stored in DTOP's database. *Id*. This Certification also complies with 28 U.S.C. § 1746 by containing language that states the attestation is made under penalty of perjury.

Moreover, the Government has sufficiently demonstrated that these records are maintained as part of DTOP's regularly conducted business activity and are therefore admissible under the business records exception to the hearsay rule. Fed. R. Evid. 803(6). *See Forty-Febres*, at *1–2 (finding DTOP records admissible under 803(6)). Finally, the Court is satisfied that the vehicle registration records are properly certified as authentic copies of domestic records under Rule 902(11) and as copies of an accurate search result from an electronic database under Rule 902(13). *See id*. (finding the same).

Furthermore, the Court finds that the admission of these business records does not violate the Sixth Amendment's Confrontation Clause. The "threshold question" for challenges arising pursuant to the Confrontation Clause is whether the statement is testimonial. *United States v. Carmona-Bernacet,* 663 F. Supp. 3d 164, 176 (D.P.R. 2023).

"Generally, courts do not label business records as testimonial as long as they are not created for the purpose of prosecution." *Tran v. Roden*, 847 F.3d 44, 51 (1st Cir. 2017); *see also Crawford v. Washington*, 541 U.S. 36, 56 (2004) (highlighting business records "by their nature . . . not testimonial."). Here, the vehicle registration records at issue are non-testimonial business records that were not created for the purpose of prosecution but created in the ordinary course of DTOP's business. *See Forty-Febres*, at *3 (finding same). Although the Certificate of Authenticity was prepared for litigation, it serves merely to authenticate otherwise non-testimonial business records. (**ECF No. 126-1 at 7**); *see Forty-Febres*, at *3 (citing *Meléndez-Díaz v. Massachusetts*, 557 U.S. 305, 322–23 (2009) (recognizing that a records "clerk could by affidavit *authenticate* or provide a copy of an otherwise admissible record, but could not … *create* a record for the sole purpose of providing evidence against a defendant")).

    **b.**     **Surveillance Videos Motion**

The Government argues that the surveillance videos as they relate to the BMW X5 carjacking, qualifies as a self-authenticating business record under Rule 902(11) because it was created and maintained in the ordinary course of business by the Santa Rosa Mall, from which the footage was obtained. (**ECF No. 133 at 2**). The Government has submitted a Certificate of Authenticity from the record custodian, attesting that the videos were created as part of the mall's regular business practices, stored electronically, and is either the original or a duplicate of the original. (**ECF No. 133-1**).

Like the Court's previous analysis regarding the DTOP records, the Court finds, that the Government has satisfied the requirements under Rule 902(11) for the admission of the surveillance video. The Certification provided complies with both Rule 803(6) and Rule 902(11), as the records were created contemporaneously with the events depicted,

maintained in the regular course of business, and stored as part of standard business practices. (**ECF No. 133-1**).

Moreover, the Government's Certification satisfies the requirements of 28 U.S.C. § 1746, as it is signed and executed "under penalt[y] of perjury." *Id*. at 1. The Certification explicitly states that the custodian has knowledge of the procedures involved in maintaining the surveillance footage, and that the footage is either the original or a duplicate, thus ensuring its reliability for evidentiary purposes. *Id.*

The Court also concludes that the admission of this evidence does not violate the Confrontation Clause. As established in *Crawford v. Washington*, business records and similar certifications do not qualify as testimonial statements. *See Crawford v. Washington*, 541 U.S. 36, 56 (2004). Business records are not created for the purpose of prosecution, but rather in the regular course of business. Therefore, Defendant's right to confrontation is not implicated here. And although the Certificate of Authenticity for the surveillance footage (**ECF No. 133-1**) was prepared for litigation, it serves merely to authenticate otherwise non-testimonial business records. *See Forty-Febres*, at *3 (citing *Meléndez-Díaz v. Massachusetts*, 557 U.S. 305 at 322–23).

## V. Conclusion

For the foregoing reasons, the Court **GRANTS** both of the Government's Motions in Limine. (**ECF Nos. 126**, **133**). The Court finds that the vehicle registration records from the DTOP are admissible at trial as self-authenticating business records under Federal Rules of Evidence 902(11) and 902(13), and accordingly, document-custodian witnesses need not be called to establish the interstate nexus of the vehicles. Similarly, the surveillance videos are admissible as self-authenticating business records under Rule

902(11), and the Government is not required to produce a custodian witness to authenticate them at trial.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of September, 2024.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**