## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**
    *Plaintiff*,

**v.**

**[2] HENRY RODRÍGUEZ-KELLY,**
    *Defendant.*

Criminal No. 23-0231 (MAJ)

## OPINION AND ORDER

**I.  INTRODUCTION**

Before the Court are the Government's Motions in Limine (the "Motions"), which seek to: (1) prohibit Defendant from advancing various alleged improper arguments during closing at trial (hereinafter "Arguments Motion"); and (2) to preclude Defendant from posing questions to witnesses regarding investigation methods not used. (hereinafter "Investigations Motion"). (**ECF Nos. 127, 134**).

Defendant opposes both Motions. (**ECF Nos. 131, 138**). As to the Government's Arguments Motion (**ECF No. 127**), Defendant concedes some of the Government's premises, but disagrees, with the manner in "which they should be implemented." (**ECF No. 131**). In turn, Defendant moves the Court that the same limitations proposed by the Government be likewise enforced against the Government. *Id.* at 1.

As to the Government's Investigations Motion (**ECF No. 134**), Defendant argues that the motion is overly broad. (**ECF No. 138 at 4**). Defendant also contends that it improperly seeks to prevent a core component of the defense—challenging the actions and decisions made during the investigation. *Id.* at 1.

After considering the arguments of both parties, relevant First Circuit precedent, and persuasive authority, the Court **GRANTS** the Government's Arguments Motion (**ECF No. 127**) and **DENIES** its Investigations Motion (**ECF No. 134**).

## II. LEGAL STANDARD

Motions in limine are a tool for trial lawyers to petition the court to exclude or to include particular pieces of evidence. *United States v. Grullon*, 996 F.3d 21, 28 (1st Cir. 2021) (citing *United States v. Agosto-Vega*, 731 F.3d 62, 65 (1st Cir. 2013)). Federal district judges enjoy broad discretion with respect to the ordering and presentation of proof and the handling of evidentiary questions. *United States v. Holmquist*, 36 F.3d 154, 163 (1st Cir. 1994) (citing Fed. R. Evid. 104(c) (stating that hearings on preliminary matters other than the admissibility of confessions may be conducted out of the hearing of the jury "when the interests of justice require")).

Importantly, a ruling on a motion in limine does not preclude the court from changing its ruling based on other developments or evidence during the trial. *See Thweatt v. Ontko*, 814 F.2d 1466, 1470 (10th Cir. 1987) ("A ruling on the threshold of trial does not preclude the court changing its ruling based on other developments during trial."). On appeal, "the granting or denying of motions in limine is considered discretionary, and thus will be reversed only for abuse of discretion and showing of prejudice." *Id.* (citing *White v. New Hampshire Dept. of Corrections*, 221 F.3d 254, 262 (1st Cir. 2002)).

**III. DISCUSSION**

    **a. Motion in Limine – Arguments Motion**

        i. <u>Background</u>

The Government's first Motion in Limine, the Arguments Motion, seeks to limit defense arguments that it claims would either mislead the jury or introduce matters beyond the scope of the evidence. (**ECF No. 127**). Specifically, the Government seeks to bar Defendant from raising the following matters during closing argument: (1) defining reasonable doubt; (2) speculating about non-testifying witnesses; (3) encouraging jury nullification; (4) invoking the so-called "Golden Rule" argument; and (5) mentioning the potential penalties faced by Defendant upon conviction. (**ECF No. 127 at 1-6**). In response, Defendant agrees with some of the Government's positions, but argues that several of the Government's proposed prohibitions go too far, bordering on silencing legitimate arguments. (**ECF No. 131**). The Court's focus here will be aimed at reconciling these differences, mindful of the Court's own obligation of administrating a fair trial in accordance with due process principles.

        ii. <u>Reasonable Doubt Argument</u>

The Government insists that the defense be barred from defining or discussing the reasonable doubt standard, claiming that such efforts "invite confusion and obfuscation." (**ECF No. 127 at 2**). Defendant, however, counters that this request is overbroad and unsupported by First Circuit law. (**ECF No. 131 at 3**). The Court agrees with the Government. The First Circuit has "warned against attempts to define reasonable doubt noting that such attempts often 'result in further obfuscation of the concept.'" *United States v. Van Anh,* 523 F.3d 43, 58 (1st Cir. 2008) (quoting *O'Shea,* 426 F.3d at 482; *United States v. Andújar,* 49 F.3d 16, 23 (1st Cir. 1995)). Additionally, "reasonable doubt

is difficult to define" and the Court is not required to "define reasonable doubt to a jury." *Van Anh*, 523 F.3d 43 at 58 (citing *United States v. Munson*, 819 F.2d 337, 346 (1st Cir. 1987); *United States v. Rodríguez-Cardona*, 924 F.2d 1148, 1160 (1st Cir. 1991)).

Defendant's concern that the "the cases cited by the Government deal with the court's instructions, not with any defense argument at closing" is misplaced. (**ECF No. 131 at 3**). It is the Court's "prerogative, not the parties', to explain the law for the jury." *United States v. Morales-González*, 2018 U.S. Dist. LEXIS 59150, *2 (D.P.R. April 3, 2018) (citing *e.g., United States v. Ademaj*, 170 F.3d 58, 66 (1st Cir. 1999) (rejecting a defendant's attempt to define "reasonable doubt" during closing arguments); *United States v. Olmstead*, 832 F.2d 642, 646 (1st Cir. 1987) (recognizing "the central role of the trial court in instructing the jury" of the applicable law, including the reasonable doubt standard).

That said, the Court clarifies the parties may *contextualize* the application of the reasonable doubt standard as to the evidence and facts, as Defendant implores this Court. (**ECF No. 131 at 3**). However, both parties are strictly prohibited from *defining* reasonable doubt. Accordingly, the Government's Motion regarding "reasonable doubt" arguments during closing is **GRANTED**.

    iii.    <u>Speculation on Non-Testifying Witnesses</u>

The Government seeks to prevent the defense from arguing any inference based on the absence of witnesses, claiming such argument would invite improper speculation. The Government also asserts its right to respond, noting that the defense "has the same subpoena power as the Government." (**ECF No. 127 at 3**). Defendant does not dispute the general prohibition on speculation but argues that this restriction must apply equally

to both sides, particularly cautioning against the Government's reliance on "facts not in evidence." (**ECF No. 131 at 10**).

First Circuit law is clear: "The prosecution is not permitted to tell the jury what witnesses who did not testify would have said had they testified." *United States v. López*, 380 F.3d 538, 546–47 (1st Cir. 2004) (internal quotations and citation omitted).

The Government's concern about improper defense argument is well-founded, but it must be noted that this cuts both ways. The defense rightfully points out that it is equally improper for the Government to suggest, explicitly or implicitly, what non-testifying witnesses might have contributed. (**ECF No. 131 at 10**). Given this, the Government's Motion regarding speculation on witnesses not appearing before the Court is **GRANTED**. The Court will enforce this prohibition equally on both sides.

### iv. Jury Nullification & Appeal to Emotions

Both parties agree that jury nullification arguments are impermissible, though Defendant insists that this prohibition must also constrain the Government's conduct. The defense is particularly concerned that the Government might veer into "appeals to community safety" or invoke the jurors' sense of civic duty to convict. (**ECF No. 131 at 7**). Such appeals, according to Defendant, amount to "the opposite of jury nullification." (**ECF No. 131 at 6**).

The Court finds Defendant's concern justified. "A juror's duty is to apply the law as provided by the court." *United States v. Bunchan*, 626 F.3d 29, 34 (1st Cir. 2010) (citing *United States v. Sepúlveda*, 15 F.3d 1161, 1190 (1st Cir. 1993). "Neither the court nor counsel should encourage jurors to exercise their power to nullify." *Id*. By the same token, the Government must avoid overstepping its bounds by appealing to extralegal considerations. It is "improper to needlessly arouse the emotions of the jury," and that

"misconduct occurs when a prosecutor interject[s] issues having no bearing on the defendant's guilt or innocence and improperly appeal[s] to the jury to act in ways other than as dispassionate arbiters of the facts." *United States v. De La Paz-Rentas*, 613 F.3d 18, 26 (1st Cir. 2010).

Examples of improper arguments, such as asking jurors to "do justice" for victims or even rhetoric such as "do your duty" can be problematic. *United States v. De La Paz-Rentas*, 613 F.3d 18, 26 (1st Cir. 2010) (highlighting rhetoric by prosecutor to jury that they are urged to "do your duty" is "troubling" as depending on the "wording and context," such notions "can be used to convey the idea to the jury that their job is to convict."); *United States v. Andújar–Basco,* 488 F.3d 549, 561 (1st Cir. 2007) (finding exhortation to do "your duty as jurors" improper); *Garrison v. Workman*, 07-cv-0542, 2011 BL 221941, at *13 (N.D. Okla. Aug. 29, 2011) (appealing to emotion, the prosecutor described the victim as a "little boy" "slaughtered like an animal" during trial arguments. Reviewing these comments on habeas, the court acknowledged some crossed the line, but concluded they did not render the trial fundamentally unfair given appropriate jury instructions were provided.); *Lynch v. Hudson*, 07-cv-0948, 2009 BL 38158, at *24 (S.D. Ohio Feb. 25, 2009) (citing underlying state court criminal prosecution in a federal habeas action, court found "prosecutor erred in inviting the jury to consider what the victim experienced and was feeling in her last moments of life" as such argument "improperly invites the jury to speculate on facts not in evidence.").

Likewise, as Defendant aptly notes, the Government is forbidden from appealing to the jurors with notions that they are tasked with safeguarding their community. *See United States v. Avilés-Colón*, 536 F.3d 1, 24-25 (1st Cir. 2008) (finding prosecutor's

opening remarks that the case before the jury was "about drugs and violence" and "the same violence which occurs in Puerto Rico on a daily basis" improper).

In light of the foregoing and the potential for both parties to improperly influence the jury through appeals to emotion or civic duty, the Court **GRANTS** the Government's Motion as to jury nullification arguments, with the understanding that this prohibition applies equally to both the Government and Defendant. (**ECF No. 127**).

    v.    <u>Golden Rule Argument</u>

Both parties agree that asking jurors to "put themselves in the defendant's shoes" is impermissible, but Defense argues that this logic should apply equally to any attempt to have jurors put themselves in the shoes of the victim. (**ECF No. 131 at 5**). Further, Defendant argues the Government should be barred from appeals to community safety or invoking the jurors' emotions to obtain a conviction. (**ECF No. 131 at 5-9**).

The Court agrees. A "Golden Rule" appeal, asking the jury to imagine themselves in the defendant's shoes, "is universally recognized as improper." *United States v. Román*, 492 F.3d 803, 806 (7th Cir. 2007). This type of argument "encourages the jury to depart from the neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *Id*.

Therefore, to maintain the jury's impartiality and focus on the evidence, the Court **GRANTS** the Motion to prohibit "Golden Rule" arguments, applying this prohibition equally to both parties. (**ECF No. 127**). Neither side shall ask jurors to place themselves in the shoes of Defendant, victim, or any other party, nor appeal to community safety or emotions. The jury's duty is to remain neutral arbiters of fact.

vi. Argument on Penalties

Finally, Defendant concedes that penalties are not a jury issue and does not object to the Government's request to bar any argument on this matter. (**ECF No. 131 at 2**). The Court therefore **GRANTS** this portion of the Arguments Motion without further comment. (**ECF No. 127**). Having addressed these matters, the Court now turns to the Government's second Motion in Limine. (**ECF No. 134**).

**b. Motion in Limine - Absent Evidence**

i. Government's Request to Exclude Evidence of Investigative Gaps

The Government's second Motion in Limine, (hereinafter "Motion to Exclude Absent Evidence" or "Motion") seeks to preclude Defendant from raising questions or making statements regarding the absence of certain investigative evidence. (**ECF No. 134**). Specifically, the Government requests that the defense be barred from questioning witnesses or advancing arguments about the lack of specific investigative tools or testing methods. *Id.* The Government, however, carves out an exception to this prohibition, permitting such inquiries if they directly pertain to the weight the jury should assign to a particular piece of physical evidence introduced at trial. *Id.* at 1, 3.

To properly frame this argument, it is essential to first address the Government's core concern, which revolves around preventing the defense from "divert[ing] the jury's attention" away from Defendant's conduct. *Id.* at 3 (citing *United States v. McVeigh,* 153 F.3d 1166, 1192 (10th Cir. 1998)). As articulated by the Government, the essence of their Motion is to prevent Defendant from pursuing what they term as "trying-the-investigation" strategy—an approach designed to divert the jury's attention from the

Defendant's conduct and instead focus it on alleged deficiencies in the law enforcement investigation. *Id*. at 1.[1]

Defendant in turn, requests that the Court deny what it characterizes as the Government's "improperly broad" Motion. (**ECF No. 138 at 4**). Instead, Defendant moves the Court to consider issues within this domain on a question-by-question basis. *Id*. at 5. For the reasons that follow, the Court **DENIES** the Motion to Exclude Absent Evidence. (**ECF No. 134**).

   ii.   Analysis

"Merely showing that an investigation is sloppy does not establish relevance." *United States v. Patrick*, 248 F.3d 11, 22 (1st Cir. 2001) (holding that the district court did not abuse its discretion by excluding evidence "that the police failed to take steps to adequately eliminate other possible suspects" because "[such] speculative evidence of the inadequacy of the police investigation would have shifted the jury's focus from the accusations against [the defendant] to accusations against the police").

Although the Government's proposition that evidence "'questioning the adequacy'" of the "'government's investigation itself—as opposed to the adequacy of the evidence gathered'" has the tendency to be "'irrelevant or of very little probative value'" because it

---

[1] After conducting a thorough search, the Court notes that the so-called "Trying-the-Investigation Motion" appears to be a prosecutorial Motion in Limine not frequently titled as such. Accordingly, to avoid ambiguity and to clarify the essence of the Government's request, the Court will explain by analogy the relief being sought in more concrete terms. Consider the following example: A defendant is charged with a criminal traffic violation—specifically, speeding.

> A defendant accused is accused of a criminal traffic violation namely speeding. The only police officer at the scene and sole witness relied on his naked eye to estimate the speed of Defendant's car without the use of radar gun. At trial the government wants to prevent defendant from questioning the officer about the lack of a radar gun and how radar guns work or the data they produce. The government in this example, like the case at bar, would still leave room for questions tied to the reliability of the actual evidence presented, the officer's vision.

shifts the jury's focus "'to accusations against the police'" has merit—that is not an iron-clad principle. (**ECF No. 134 at 1**) (quoting *United States v. Carmichael*, 373 F. Supp. 2d 1293, 1297 (M.D. Ala. 2005)). It is important to recognize that not all critiques of an investigation are irrelevant. Indeed, as this Court has previously noted, the efficacy of a criminal investigation may "sometimes be relevant to the ultimate issue of guilt in a case." *United States v. Carmona-Bernacet*, 645 F. Supp. 3d 6, 16 (D.P.R. 2022) (citing *Lowenfield v. Phelps*, 817 F.2d 285, 291-92 (5th Cir. 1987) (cleaned up) (defense counsel reasonably introduced evidence of "sloppy police work" to undermine chain of custody and "set the stage for an argument that others were implicated in the murders."). Still, courts must be careful, as such evidence particularly when speculative, may be irrelevant and confuse the jury. *See United States v. Patrick*, 248 F.3d 11 at 22 (noting "speculative evidence of the inadequacy of the police investigation would have shifted the jury's focus from the accusations against [the defendant] to accusations against the police"); *see also United States v. McVeigh*, 153 F.3d 1166 at 1192 ("Under our system of criminal justice, the issue submitted to the jury is whether the accused is guilty or not guilty. The jury is not asked to render judgment about non-parties, nor is it normally asked to render a verdict on the government's investigation.").

Federal Rule of Evidence 402 allows all relevant evidence to be admitted unless excluded by the U.S. Constitution, federal statute, or another rule. Fed. R. Evid. 402. Evidence is relevant if it "makes a fact more or less probable than it would be without the evidence" and if the fact is important to deciding the case. Fed. R. Evid. 401.

The Court agrees with the Government's general contention that the trial should focus on the evidence that does exist, if admitted, and what it proves about Defendant's guilt or innocence. However, the Court finds the main thrust of the Government's Motion

to Exclude Absent Evidence is too restrictive and would prevent Defendant from exploring potentially relevant issues relating to the scope or breadth of the criminal investigation. *See United States v. Crosby*, 75 F.3d 1343 (9th Cir. 1996) (If evidence that someone else committed crime is calculated to cause jury to doubt, court should not attempt to decide for jury that this doubt is purely speculative and fantastic but should afford accused every opportunity to create that doubt.).

Moreover, the Motion's exception is too narrow for similar reasons. By limiting defense questions to only those tied to the weight of physical evidence, the Government's request could prevent the defense from fully exploring other critical aspects of evidentiary weight that have relevance, such as bias or credibility. *See McVeigh*, at 1192 (acknowledging the "*quality or bias* of a criminal investigation occasionally may affect the reliability of particular evidence in a trial, and hence, the facts surrounding the *government's investigation may become relevant*") (emphasis added); *see also Crosby*, 75 F.3d 1343 (finding exclusion of evidence implicating victim's husband in an assault was an abuse of discretion; excluded evidence that could have caused jury to develop reasonable doubt by suggesting that someone other than the defendant had the opportunity to assault the victim, such that a competent investigation might have revealed this, and that the victim was lying when she implicated defendant).

Turning to the Government's reliance on *United States v. Patrick*—its sole binding authority in support of its Motion—the Court finds such reliance overstated and misplaced. 248 F.3d 11 (1st Cir. 2001). In *Patrick*, the court held that evidence suggesting the police failed to investigate other potential suspects was highly prejudicial and irrelevant where there was no indication that such leads would have pointed to the guilt of another specific suspect. *Id.* at 22. The Court emphasized that such "speculative

evidence of the inadequacy of the police investigation would have . . . create[ed] a real danger of unfair prejudice and jury confusion that 'substantially outweighed' the evidence's probative value." *Id*. at 22.

In essence, *Patrick* addresses the prejudicial effect of introducing speculative evidence that would divert the jury's attention from the defendant's culpability to law enforcement's investigative efforts, essentially leading to a wild goose chase. Here, the Government fails to articulate circumstances similar to those in *Patrick* that would justify precluding the defense from arguing and posing questions regarding the absence of investigative tools or the absence of testing on items not in evidence. (**ECF No. 134 at 1**). At this juncture, the Court does not find that *Patrick* supports the Government's sweeping request, but the government may raise the issue again during trial.

While the Government's concerns that the *absence* of the government's use of specific-investigative technique or the *absence* of testing of items not in evidence can cause jury confusion is valid, that may not always occur. Furthermore, this concern fails to account for scenarios where the jury is not misled and the investigative methods not used directly impact the ultimate question of Defendant's guilt. In light of these considerations, a balanced approach is required. The Court will evaluate the relevance and admissibility of such questioning on a case-by-case basis during trial, ensuring a balance between the Government's interest in focusing on Defendant's guilt or innocence and Defendant's right to mount a thorough defense. *See United States v. Carmona-Bernacet*, 645 F. Supp. 3d 6, 16 (D.P.R. 2022). Accordingly, the Government's Motion is **DENIED**. (**ECF No. 134**).

## IV. CONCLUSION

For the reasons stated above, the Court rules as follows: First, the Government's Motion in Limine regarding improper arguments during closing is **GRANTED**. (**ECF No. 127**). Both the Government and Defendant are prohibited from:

> a. Defining or discussing the reasonable doubt standard;
> b. Speculating about non-testifying witnesses;
> c. Encouraging jury nullification and appeals to emotion;
> d. Making "Golden Rule" arguments asking jurors to put themselves in a party's shoes; and
> e. Mentioning potential penalties faced by Defendant.

Second, the Government's Motion in Limine to preclude the defense from questioning witnesses or presenting arguments about gaps in the investigation or unused investigative techniques is **DENIED**. (**ECF No. 134**).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of September, 2024.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**