## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>*Plaintiff*,<br><br>**v.**<br><br>**[2] HENRY RODRÍGUEZ-KELLY,**<br>*Defendant.* | Criminal No. 23-0231 (MAJ) |

### OPINION AND ORDER

## I.    INTRODUCTION

Before the Court is Defendant Henry Rodríguez-Kelly's Motion to Preclude 404(b) Evidence (the "Motion") (**ECF No. 145**) and the Government's Response in Opposition (**ECF No. 146**). This Motion centers on the admissibility of evidence related to a prior uncharged armed robbery allegedly committed by Defendant in conjunction with his co-defendant, Luis Olivo-Ortiz ("Olivo-Ortiz"). *Id.* Defendant is charged with six counts of Carjacking Resulting in Serious Bodily Injury under 18 U.S.C. § 2119(1) and Aiding and abetting under 18 U.S.C. § 2. (**ECF No. 81-1**).[1]

The Government seeks to introduce this evidence under Federal Rule of Evidence 404(b)(2), asserting that it is "inextricably intertwined" because it is relevant to establish that Defendant asked "Olivo-Ortiz to commit another robbery (carjacking) together because [Defendant] knew Olivo-Ortiz would be willing to commit a crime and could be trusted not to speak to law enforcement." (**ECF No. 146 at 3**). The Government also

---

[1]    According to the Government, Defendant Rodríguez-Kelly is charged in the "aiding and abetting [of] [and] in the commission of six carjackings. Of the six carjackings, Defendant [2] Rodríguez-Kelly is alleged to have committed three with [3] Olivo Ortiz." (**ECF No. 146 at 1**).

contends this testimony is "also admissible under Rule 404(b)(2) by demonstrating preparation and plan (by explaining the trust in criminal matters among the defendants). *Id.* at 2.

Defendant argues that the evidence is untimely, inadmissible under Rule 404(b), and that its introduction would lead to unfair prejudice substantially outweighing any probative value, in violation of Rule 403. (**ECF No. 145**).

Upon careful consideration of the parties' submissions, applicable law, and the circumstances of this case, the Court **GRANTS *in part* and DENIES *in part*** Defendant's Motion for the reasons set forth below.

## II. BACKGROUND

Defendant argues that the proposed evidence is inadmissible because it amounts to "character evidence in its rawest form." (**ECF No. 145 at 2**). Further he contends the Government seeks to use this evidence to show a propensity for criminal behavior, which is barred by Rule 404(b)(1). *Id.* Defendant asserts that the Government is effectively introducing a "new crime" without providing the required details for cross-examination, such as when and where the alleged robbery occurred, or the roles played by each participant. *Id.* at 5. Defendant contends that the introduction of this evidence would result in a "mini-trial" on unrelated conduct, thus confusing the jury and unfairly prejudicing the defense. *Id.* at 6. Defendant also highlights the risk of unfair prejudice under Rule 403, arguing that any probative value of the prior act evidence is "substantially outweighed by its unfair prejudice." *Id.* at 7.

Additionally, Defendant argues that the Government's disclosure of the 404(b) evidence is untimely and lacks sufficient detail to permit a proper defense. *Id.* at 4. Specifically, Defendant claims that the Government's notice—received via email on September 21, 2024—was filed three months after the court-imposed deadline, thus violating the rules of disclosure. *Id.*

In response, the Government argues that the evidence of the prior armed robbery is admissible on two grounds: (1) it is inextricably intertwined with the charged offenses and necessary to provide the jury with a complete picture of the relationship between Defendant and previously co-indicted Defendant Olivo-Ortiz; and (2) it is admissible under Rule 404(b)(2) to show opportunity, preparation, and plan. (**ECF No. 146 at 1-2**).

The Government asserts that this evidence explains why Rodríguez-Kelly approached Olivo-Ortiz to commit the carjackings and demonstrates their "relationship of mutual trust" *Id.* at 3. Citing First Circuit precedent, the Government argues that evidence of other acts may be admitted when "it is difficult to draw a line between the crime charged and other events with which it is inextricably intertwined" *Id.* at 3. The Government further asserts that the evidence is not being used to show criminal propensity but rather to "describe and contextualize the nature of the relationship" between the co-defendants. " *Id.* at 5. Regarding the timeliness of the disclosure, the Government contends that the FBI report memorializing the prior act was only recently discovered and was disclosed promptly, within one working day of its receipt. *Id.* at 2.

## III.    LEGAL STANDARD AND APPLICABLE LAW

### a.    Legal Standard for Prior Bad-Acts Evidence

The Supreme Court has set forth four requirements that should be followed by courts exercising their discretion under Rule 404(b): "Prior bad-acts evidence must be (1) offered for a proper purpose, (2) relevant, and (3) substantially more probative than prejudicial. In addition, (4) at the defendant's request, the district court should give the jury an appropriate limiting instruction." *United States v. Downing*, 297 F.3d 52, 58 (2d Cir. 2002) (citing *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)).

### b.    Fed R. Evid. 404(b) & Intrinsic Evidence Doctrine

Rule 404(b) prohibits using "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with [it]." Fed. R. Evid. 404(b)(1); *United States v. Carbone*, 110 F.4th 361, 386 (1st Cir. 2024). "Essentially, the Rule prevents the introduction of propensity evidence." *Id.*

Rule 404(b) was designed to prevent the defendant from being convicted simply because the jury might conclude from the other act that he was a "bad man." *United States v. Lucas*, 357 F.3d 599, 611–15 (6th Cir. 2004) (Rosen, J., concurring); *see also United States v. Ortiz-Torres*, 449 F.3d 61, 78 (1st Cir. 2006) (highlighting potential risk of unfair prejudice when jurors are presented with evidence of a defendant's prior bad acts or criminal associations where district court noted that the witnesses "would not qualify to be working . . . with Mother Teresa in Calcutta, nor with Sister Isolina in Ponce. These were tough hombres working together selling drugs, and they were armed.").

However, Rule 404(b) allows for the introduction of such evidence if it is offered for purposes other than propensity, such as proving motive, opportunity, intent,

preparation, plan, or absence of mistake or accident. *United States v. Pina-Nieves*, 577 F. Supp. 3d 1, 3–6 (D.P.R. 2021).

Importantly, Rule 404(b) applies only to extrinsic evidence—prior acts that are unrelated to the charged crime. If the evidence is intrinsic, meaning it is "inextricably intertwined" with the charged offense, Rule 404(b) is inapplicable. Intrinsic evidence includes acts that are part of a "single criminal episode" or necessary to provide context for the charged offense. *United States v. Boyrie-Laboy*, 573 F. Supp. 3d 613, 617 (D.P.R. 2021).

In evaluating whether evidence is intrinsic, courts consider whether it "illuminates the chronology of events leading to the acts charged" or explains the relationship between co-defendants. *United States v. Carmona-Bernacet*, 600 F. Supp. 3d 155, 180 (D.P.R. 2022). The First Circuit has noted that in conspiracy cases, evidence of prior bad acts can help "explain the background, formation, and development of the illegal relationship," thereby clarifying the co-conspirators' mutual trust. *United States v. Green*, 698 F.3d 48, 55 (1st Cir. 2012). Thus, evidence that sheds light on how co-conspirators came together, or their history of working together in furtherance of criminal activity, may be considered intrinsic. *United States v. Robles-Álvarez*, 874 F.3d 46, 50 (1st Cir. 2017).

### c.    Fed R. Evid. 403 – Probative Value versus Prejudicial Value

Even if evidence is admissible under Rule 404(b) or as intrinsic evidence, the court must still balance its probative value against the potential for unfair prejudice under Rule 403. The court may exclude relevant evidence if its "probative value is substantially outweighed by a danger of unfair prejudice." *United States v. Whitney*, 524 F.3d 134, 141 (1st Cir. 2008). However, Rule 403 protects only against *unfair* prejudice, not all prejudice, since all evidence is inherently prejudicial to some degree. *Id.*

In close cases, Rule 403 "tilts the balance in favor of admission." *Id.* Courts often mitigate the risk of unfair prejudice by giving limiting instructions to juries, directing them to consider the evidence only for specific purposes such as intent or plan, rather than as proof of the defendant's general propensity for criminal behavior. *United States v. Henry*, 848 F.3d 1, 10 (1st Cir. 2017).

## IV.    DISCUSSION

As mentioned, the Government seeks to admit evidence of a prior armed robbery involving Defendant Rodríguez-Kelly and co-defendant Olivo-Ortiz, asserting that it is "inextricably intertwined" with the charged carjackings. (**ECF No. 146**).

However, the Government's attempt to introduce evidence of a prior "home invasion" suffers from a basic flaw—this is not a conspiracy case. *Id.* In *United States v. Boyrie-Laboy*, the court found that evidence of prior conspiracies was intrinsic because it helped explain the defendants' relationship and criminal conduct. 573 F. Supp. 3d 613, 617 (D.P.R. 2021). There, the evidence was necessary to show the "affiliation" between the defendants and provided important context for the charged offenses. *Id.*

However, in this case, Defendant is charged with carjackings and the aiding and abetting thereof, not conspiracy. (**ECF No. 81-1**). Without a conspiracy charge, the relationship between Defendant and Olivo-Ortiz is largely immaterial to the charged offenses. *Compare United States v. Angulo-Aguirre*, 07-cr-0387, 2008 WL 11345908, at *1 (S.D.N.Y. May 12, 2008), *aff'd sub nom. United States v. Cedeno*, 2011 WL 1654290, 437 F. App'x 8 (2d Cir. 2011) (prior bad acts evidence under Rule 404(b) admissible "to show . . . the development of the 'criminal relationship' and 'mutual trust' among the co-conspirators."). The Government must focus on Defendant's actions and intent regarding the specific carjackings, rather than his past relationship with Olivo-Ortiz. Since they are

not charged as co-conspirators, establishing a prior affiliation between the two is extraneous. *Compare United States v. Robles-Álvarez*, 874 F.3d 46, 50-51 (1st Cir. 2017)) (affirming the admission of intrinsic evidence to prove "how the various co-conspirators came together"). Moreover, of the scant detail offered by the Government as it relates to this 404(b) evidence, the Court can discern it is not part of a "single criminal episode" as the non-charged "home invasion" occurred "sometime in 2020" whereas the charged carjackings occurred in April and May 2023. (**ECF No. 81-1; ECF No. 146**); *see United States v. Boyrie-Laboy*, 573 F. Supp. 3d 613 at 617. Accordingly, the Government cannot rely on the "intrinsic evidence doctrine" to support admission of the prior bad act testimony. *United States v. Carmona-Bernacet*, 600 F. Supp. 3d 155, 180 (D.P.R. 2022).

With that in mind, evidence falls within the ambit of Rule 404(b) only if it is extrinsically relevant. *Id.* (citing *United States v. Epstein*, 426 F.3d 431, 439 (1st Cir. 2005) ("Rule 404(b), by its very terms, excludes only extrinsic evidence – evidence of other crimes, wrongs, or acts – whose probative value exclusively depends upon a forbidden inference of criminal propensity.)) As mentioned, evidence of prior bad acts cannot be used to prove criminal propensity, yet the Government's argument about "trust" between Defendant and Olivo-Ortiz comes precariously close to doing just that. (**ECF No. 146 at 2-4**). The Government claims the prior robbery demonstrates trust between the two men, which in turn explains their collaboration in the carjackings. However, that leap is a bridge too far—trust is not a necessary element for Carjacking Resulting in Serious Bodily Injury under 18 U.S.C. § 2119(1) and Aiding and abetting under 18 U.S.C. § 2. A jury could easily misuse this testimony as evidence Defendant is a "bad man" who does bad things. *See United States v. Lucas*, 357 F.3d 599 at 611–15; *see also United States v. Ortiz-Torres*, 449 F.3d 61 at 78. The Court is not persuaded by the

Government's outstretched logic. Rule 404(b) exists to stop character-based reasoning and the Government has not convinced the Court evidence of prior bad acts would be used to establish any of the "special purposes" under 404(b), including motive, opportunity, intent, preparation, plan, or identity. *United States v. Pina-Nieves*, 577 F. Supp. 3d 1, 3–6 (D.P.R. 2021).

Even if the evidence had some relevance under Rule 404(b), the court must still weigh the probative value against the risk of unfair prejudice under Rule 403. *United States v. Whitney*, 524 F.3d 134 at 141. Defendant argues that the prior robbery would unfairly prejudice him by shifting the jury's focus from the carjackings to a crime not on the docket. (**ECF No. 145 at 5-6**). The Court agrees. The jury may be tempted to convict him not for the carjackings, but for being the kind of person who commits armed robberies with Olivo-Ortiz. That is exactly the type of unfair prejudice Rule 403 seeks to prevent. *See Whitney*, at 141. Whatever minimal probative value remains is clearly outweighed by the danger of unfair prejudice.

## V.    CONCLUSION

For the reasons set forth above, the Court makes the following findings. First the Court rejects the Government's argument that the prior robbery is "inextricably intertwined" with the charged carjackings. Without a conspiracy charge or a direct connection to the carjackings, the prior armed robbery does not qualify as intrinsic evidence. Second, under Rule 404(b), the Government has not demonstrated that the prior robbery serves a permissible purpose, such as motive, intent, or plan. Third, even if the evidence had some relevance, the Court finds that its probative value is substantially outweighed by the danger of unfair prejudice under Rule 403, as it could lead the jury to

convict Defendant based on his character rather than the evidence of the charged offenses.

Accordingly, Defendant's Motion to Preclude 404(b) Evidence is **GRANTED *in part*** and **DENIED *in part***. (**ECF No. 145**). The Government may introduce testimony from Olivo-Ortiz for any purpose allowed by the Federal Rules of Evidence, except for bad character evidence. Any testimony concerning an alleged prior home invasion or other uncharged criminal act is strictly prohibited under Rule 404(b).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of September, 2024.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**